UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **CHRISTOPHER SAMBISSA, and DARLA PALACIO SAMBISSA**, as next friend<br><br>*Petitioner*,<br><br>v.<br><br>**KRISTI NOEM,** *Secretary of Homeland Security*; **TODD LYONS,** *Acting Director, ICE*; *and* **HECTOR MELCHOR,** *Acting Director, El Paso Immigration Processing Center*,<br>*Respondents*. | EP-25-CV-00237-DCG |

## ORDER FOR RESPONDENTS TO SHOW CAUSE

Christopher Sambissa is currently in the custody of the U.S. Immigration and Customs Enforcement in El Paso, Texas. Pet., ECF No. 1. His wife, Darla Palacio Sambissa, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See id.* Therein, she alleges that Petitioner is being detained unlawfully and requests his immediate release. *Id.*

28 U.S.C. § 2242 permits a person other than the petitioner to sign a habeas petition. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). The Fifth Circuit has explained that a non-lawyer acting on behalf of a petitioner "may not file a petition in every case in which the person actually detained might file a petition." *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978).

Rather, a non-lawyer may sign and file a habeas petition on behalf of someone else when the petition "establishes some reason or explanation, satisfactorily to the court, showing: (1) why the detained person did not sign and verify the petition, and (2) the relationship and interest of the

1

would-be 'next friend.'" *Weber*, 570 F.2d at 513–14.  Examples of the necessary use of this device include an "inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to one person, or mental incapacity."  *Id.* at 514 n.4.  The "next friend" has the burden to establish that his or her status is proper.  *See Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990).

Darla Palacio Sambissa alleges that Petitioner is being held "virtually incommunicado." Pet., ECF No. 1, at 2.  She further alleges that he has not been able to communicate with an attorney, and since his detention he has been permitted only one five-minute phone call with her. *Id.*  Because Mrs. Sambissa does not have access to Petitioner and has difficulty in communicating with him, the Court finds that she has met her burden with respect to the first prong.  *See Weber*, 570 F.2d at 514 n.4.

As to the second prong, the "next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  *Whitmore*, 495 U.S. at 163–64 (cleaned up).  The "next friend" must have some significant relationship with the real party in interest.  *Id.*  Mrs. Sambissa is Petitioner's wife, and that is a sufficiently close relationship to justify her recognition as next friend.  Thus, Mrs. Sambissa may proceed as Petitioner's next friend in this matter.

Further, after an initial review of the Petition, the Court is of the opinion that the Petition shall be **SERVED** on the Respondents.

**IT IS ORDERED** that the Clerk's Office shall furnish the Office of the United States Attorney in El Paso, Texas, with copies of the Petition (ECF No. 1) and the instant Memorandum Order, and that such delivery shall constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents **SHALL FILE** a response to the Petition (ECF No. 1) no later than **July 10, 2025.**[1]

**So ORDERED and SIGNED this 30th day of June 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] Courts have held that the strict time limits set forth in § 2243, a provision enacted in 1948, are subordinate to the district court's authority to set deadlines under Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts, which Congress approved in 1976. *See Y.V.S. v. Wolf*, No. EP-20-CV-00228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020); *see also Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *2 (W.D. La. June 28, 2019) (same); *see also Martin v. Hebert*, No. 21-CV-208, 2021 WL 299198, at *1 (W.D. La. Jan. 28, 2021) (same). It is the Court's view that allowing Respondents more time to conduct a full review of all available and pertinent evidence is reasonable.