UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DARLA PALACIO SAMBISSA,** <br> *as next friend of Christopher Sambissa,* <br><br> *Petitioner*, <br> v. <br><br> **KRISTI NOEM,** <br> *Secretary, United States Department of Homeland Security*;[1] <br> **TODD LYONS,** <br> *Acting Director, United States Immigration & Customs Enforcement*; and <br> **HECTOR MELCHOR,** <br> *Acting Director, El Paso Immigration Processing Center*, <br><br> *Respondents.* | § § § § § § § § § § § § § § § § § § <br><br> EP-25-CV-00237-DCG |

## ORDER FOR SUPPLEMENTAL BRIEFING REGARDING JURISDICTION

For the following reasons, the Court **ORDERS** the parties to **FILE SUPPLEMENTAL BRIEFS** analyzing whether 8 U.S.C. § 1252 strips this Court of jurisdiction to preliminarily enjoin Detainee Christopher Sambissa's deportation until the Court has issued a final ruling on his Habeas Corpus Petition.

---

[1] The Habeas Corpus Petition identifies Secretary Noem as the "*Acting* Secretary" of DHS. *See* Pet., ECF No. 1, at 1, 3 (emphasis added). The Court has modified the caption to reflect Secretary Noem's current title.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the cited document's internal pagination.

## I. BACKGROUND

### A. Facts and Procedural Posture

Detainee is a U.K. citizen.[2] He entered the United States in 2019 pursuant to the Visa Waiver Program ("VWP"),[3] which authorized him to visit the country for 90 days.[4] He then remained in the country for several years after his 90-day window to visit the United States had expired.[5] U.S. immigration authorities therefore apprehended Detainee on June 12, 2025,[6] and, as far as the record reveals, he's been in the Government's custody ever since.[7]

Petitioner Darla Palacio Sambissa, purporting to act as Detainee's next friend,[8] has filed a Habeas Corpus Petition seeking Detainee's immediate release.[9] As particularly relevant here, Petitioner has also filed a Motion "for a preliminary injunction prohibiting [the U.S.

---

[2] Although the first page of the Petition says that Detainee is a "United *States* Citizen," *see id.* at 1 (emphasis added), that appears to be a typo. *See id.* at 4 (identifying Detainee as "a *UK* citizen" in a later part of the same document (emphasis added)); Pet'r's Reply Resp'ts' Opp'n Pet., ECF No. 23, at 2 (similarly identifying Detainee as "a *UK* citizen born in the Republic of the Congo" (emphasis added)).

[3] *Compare* Resp't's Suppl. Resp. Ex. A, ECF No. 15-1, at 1 (listing Detainee's admission code as "WT"), *with, e.g., Nardea v. Sessions*, 876 F.3d 675, 678 (4th Cir. 2017) (explaining that "WT" stands for "Visa Waiver, Tourist").

[4] *See* 8 U.S.C. § 1187; 8 C.F.R. §§ 217.1–.7; *see also, e.g., Lavery v. Barr*, 943 F.3d 272, 273 (5th Cir. 2019).

[5] *See, e.g.*, Pet. at 4; Mot. Prelim. Inj., ECF No. 14, at 2.

[6] *See, e.g.*, Pet. at 4.

[7] *See, e.g.*, Resp. Pet., ECF No. 3, at 7 ("It is uncontested that [Detainee] has been in ICE custody since June 12, 2025.").

[8] *See, e.g.*, Pet. at 3.

The Court does not now decide whether Petitioner satisfies the legal requirements for "next friend" standing. *See* Resp. Pet. at 1, 4–6 (arguing that Petitioner "has not sufficiently proven her standing as [Detainee's] 'next friend,'" and asking the Court to "reconsider [its] preliminary finding" to the contrary); *see also, e.g., Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) (outlining the legal prerequisites for "next friend" standing).

[9] *See, e.g.*, Pet. at 2.

Government] from engaging in any actions to remove [Detainee] from the United States until this Court has an opportunity to issue a final judgement on the merits of his" Petition.[10]

**B.      Respondents' Jurisdictional Argument**

Respondents oppose Petitioner's Preliminary Injunction Motion on several grounds.[11]  As especially relevant here, Respondents maintain that "[t]his Court lacks jurisdiction to provide Petitioner the relief she seeks in her preliminary injunction motion" because 8 U.S.C. § 1252 divests the federal district courts of jurisdiction "to enjoin the execution of a final order of removal."[12]  Petitioner hasn't filed a Reply addressing Respondents' jurisdictional arguments, and her deadline to do so has expired.[13]

## II.      DISCUSSION

The Court is in a difficult position.  On one hand, if Respondents are correct that the federal district courts have no power to preliminarily enjoin an alien's removal until the court has ruled on that alien's habeas corpus petition, that would create serious adverse consequences not just for Detainee, but for numerous aliens within the Government's custody.  On the other hand, if granting Petitioner's requested injunctive remedy would cause this Court to exceed the bounds of its legislatively-demarcated authority, then ignoring those jurisdictional boundaries would have serious, adverse consequences too.

---

[10] *See generally* Mot. Prelim. Inj..

[11] *See generally* Resp. Mot. Prelim. Inj., ECF No. 24.

[12] *See id.* at 4, 7.

[13] *See* W.D. TEX. L.R. CV-7(E)(2) ("A reply in support of a motion shall be filed not later than 7 days after the filing of the response to the motion."); *see also* Resp. Mot. Prelim. Inj. at 7 (indicating that Respondents filed their Response to the Preliminary Injunction Motion on August 7, 2025).

Further complicating the Court's dilemma is the fact that neither side has adequately briefed the jurisdictional issue. Of the three cases that Respondents have cited to support their jurisdictional argument,[14] only one supports their claim that 8 U.S.C. § 1252 forbids the Court from granting Petitioner's requested injunction.[15] Yet Petitioner—who ultimately bears the burden to show that this Court has jurisdiction to grant her requested relief[16]—has made no effort whatsoever to rebut Respondents' jurisdictional arguments.[17]

---

[14] *See* Resp. Mot. Prelim. Inj. at 4 (arguing that "this court lacks jurisdiction to enjoin the execution of a final order of removal" (first citing 8 U.S.C. § 1252(f)(1) & (g); then citing *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550–51 (2022); then citing *Westley v. Harper*, No. 25-229, 2025 WL 592788, at *4–6 (E.D. La. Feb. 24, 2025); and then citing *El Gamal v. Noem*, --- F. Supp. 3d ----, No. 5:25-CV-00664, 2025 WL 1857593, at *1 (W.D. Tex. July 2, 2025))).

[15] Respondents specifically argue that paragraph (f)(1) and subsection (g) of 8 U.S.C. § 1252 divest the Court of jurisdiction to grant Petitioner's Motion.

*Garland* doesn't support that proposition. *Garland* holds that paragraph (f)(1) only "prohibits federal courts from granting *classwide* injunctive relief" to a *class* of aliens; it "does *not* preclude a court from entering injunctive relief on behalf of a *particular* alien." 596 U.S. at 550 (emphases added). Petitioner isn't seeking injunctive relief on behalf of a class of multiple aliens; she's seeking relief for Detainee and Detainee only. *See, e.g.*, Mot. Prelim. Inj. at 6 (arguing that "*[Detainee]* is entitled to a preliminary injunction enjoining Respondents from removing *him* from the United States until *his* Habeas Petition can be fully adjudicated" (emphases added)). Thus, if anything, *Garland* suggests that paragraph (f)(1) does *not* strip this Court of jurisdiction to grant Petitioner's Motion.

*El Gamal*, meanwhile, addresses the jurisdiction-stripping effect of paragraph *(b)(9)* of § 1252. *See* 2025 WL 1857593, at *5 (holding that "§ *1252(b)(9)* function[ed] as a jurisdictional bar to judicial review" of the petitioners' constitutional challenges" (emphasis added)). *El Gamal* doesn't mention paragraph (f)(1) or subsection (g) of § 1252 at all. *See id.* at *1–5.

That said, *Westley* provides at least some support for Respondents' jurisdictional argument, *see* 2025 WL 592788, at *4 ("§ 1252(g) strips this Court of subject-matter jurisdiction . . . to review claims 'arising from' a decision or action to execute a removal order against an alien. . . . The key injunctive relief prayed for in the [petitioner's preliminary injunction motion]—specifically, a stay of Petitioner's removal from the United States in general and an order staying her removal until her T-visa application is fully adjudicated—falls outside of this Court's jurisdiction." (citation modified))—though perhaps not as much support as the cases the Court located in its independent research. *See supra* note 18.

[16] *See, e.g.*, *Hidalgo-Mejia v. Pitts*, 343 F. Supp. 3d 667, 670 (W.D. Tex. 2018).

[17] *See supra* note 13 and accompanying text (noting that Petitioner failed to file a reply to Respondents' response to her Preliminary Injunction Motion).

That said, the Court's preliminary independent research indicates that there is indeed caselaw supporting Respondents' position that 8 U.S.C. § 1252 categorically strips the federal district courts of jurisdiction to preliminarily enjoin the Government from removing an alien from the country while a habeas corpus petition is pending.[18]  Still, given the complexity of the statute's jurisdiction-stripping provisions,[19] as well as the importance of the legal issue, the Court is uncomfortable uncritically following that caselaw without fulsome, adversarial briefing from the parties.

The Court readily acknowledges the downsides of ordering additional briefing.  For one thing, a new round of briefing will further delay a ruling on Petitioner's Preliminary Injunction Motion, which Petitioner has titled as an "*Emergency* Motion."[20]  Additionally, while Petitioner

---

[18] *See, e.g.*, *Star v. Sec'y of U.S. Dep't of Homeland Sec.*, 4:19-CV-00053, 2021 WL 2908668, at *3 (W.D. Tex. Apr. 12, 2021) ("Courts have interpreted [8 U.S.C. § 1252(g)] to mean that they lack authority to stay or enjoin removal proceedings. . . . Consequently, the Court rules it lacks authority to enjoin Defendants from deporting or removing Plaintiff. . . . Based on the foregoing discussion, the Court ORDERS that Plaintiff's Motion for Preliminary Injunction is DENIED."); *Flores v. Hartnett*, No. 3:20-CV-00140, 2021 WL 196685, at *4 (W.D. Tex. Jan. 19, 2021) ("8 U.S.C. § 1252(g) . . . removes jurisdiction from district courts to stay or enjoin orders of removal."), *aff'd*, No. 21-50139, 2022 WL 101978 (5th Cir. Jan. 10, 2022); *Soares v. U.S. Dep't of Homeland Sec.*, No. 23-2550, 2023 WL 6165729, at *1 (C.D. Cal. Aug. 24, 2023) ("Petitioner seeks to enjoin Respondents from removing him from the United States while his [habeas corpus petition] is pending.  But this Court has no jurisdiction to stay the execution of an administratively final order of removal." (citation modified)); *De Oliveira Jimenez v. Searls*, No. 22-CV-960, 2023 WL 11156340, at *4 (W.D.N.Y. Feb. 28, 2023) ("To the extent that [the petitioner] seeks to stay his removal pending resolution of . . . his underlying habeas petition . . . Section 1252 deprives district courts of jurisdiction to issue such relief." (citation omitted)); *Ba v. Holder*, No. 09-14645, 2009 WL 5171793, at *1–3 (E.D. Mich. Dec. 24, 2009) ("[The plaintiff has filed a] motion for . . . preliminary injunction, through which Plaintiff seeks a stay of removal pending the Court's resolution of his underlying claims for relief. . . . [T]here is no jurisdictional basis for this Court to . . . provide relief from the order for Plaintiff's removal.  It follows that Plaintiff's motion must be denied . . . .").

[19] *See generally* 8 U.S.C. § 1252(a)–(g) (spanning seven subsections and nine written pages).

[20] *See* Mot. Prelim. Inj. at 1 (emphasis added).

has done an admirable job of briefing the relevant issues so far,[21] the Court recognizes that she's *pro se*,[22] and may therefore encounter difficulties analyzing this complex and difficult legal issue.

Again, though, the Court is caught between two equally untenable options:

(1)  adopting Respondents' position on the existing papers, and thereby run the risk of improvidently and categorically cutting off an important avenue for relief for numerous detainees within the District; or

(2)  granting Petitioner's requested relief, and thereby run the risk of overstepping an important, congressionally-mandated limit on the federal courts' power.

The Court is unwilling to choose either of those options without first obtaining further guidance from the parties.

### III.   CONCLUSION

Thus, by **September 15, 2025**,[23] Petitioner **SHALL FILE** a supplemental brief analyzing, **with citation to pertinent authority**, whether 8 U.S.C. § 1252 strips this Court of jurisdiction to enjoin Detainee's deportation pending a final ruling on his Petition for Writ of Habeas Corpus.

By **September 22, 2025**, Respondents **SHALL FILE** a supplemental response brief analyzing, **with citation to pertinent authority**, that same question.

---

[21] *See generally* Pet.; Mot. Change Venue, ECF No. 10; Mot. Prelim. Inj.; Pet'r's Reply Resp'ts' Opp'n Pet.

That said, the Court suspects that someone may be helping Petitioner draft her filings in this case. *See* Order Striking Mot. Prelim. Inj., ECF No. 6, at 1 (striking an earlier filing submitted by someone who "is neither a party to this case nor listed as counsel of record"). The Court once again admonishes Petitioner that only a licensed attorney may represent her in this matter. *See id.*

[22] *See, e.g.*, Mot. Prelim. Inj. at 6.

[23] The Court opts to set a fairly expedited briefing schedule given the Motion's time-sensitive nature. *See supra* note 20 and accompanying text.

The Clerk of Court **SHALL MAIL** this Order to the following recipients:

Christopher Sambissa
Torrance County Detention Facility
209 County Road A049
Estancia, NM 87016

Darla Palacio Sambissa
555 East Dayman Street
Long Beach, CA 90806

Because the docket suggests that Petitioner has also given written consent to be served *via* email,[24] the Clerk of Court **SHALL** also **EMAIL** this Order to Petitioner at:

tikvahbeit@gmail.com

**So ORDERED and SIGNED this 5th day of September 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[24] *See* Resp. Mot. Prelim. Inj. at 7 (indicating that, at "[Petitioner's] request," Respondents sent their Response to the Preliminary Injunction Motion to Petitioner "by email").

*See also* FED. R. CIV. P. 5(b)(2) (providing that "[a] paper [may be] served" by email only if the recipient "consented to [email service] in writing").